# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 3:18-CR-20-PLR-DCP |
| | ) | 3:18-CR-32-DCP |
| DEAN ALAN ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 27, 2018, for a status conference and motion hearing in case number 3:18-CR-20 and an initial appearance and arraignment on an information and entry of a guilty plea in case number 3:18-CR-32. Assistant United States Attorney Luke A. McLaurin appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented Defendant Ellis, who was also present.

On March 27, 2018, Defendant Ellis entered into a plea agreement [3:18-CR-32, Doc. 2] with the Government to plead guilty to a Class A misdemeanor of willful injury, valued at less than $1,000, to United States property. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the Defendant will serve sixty days of incarceration and spend one year on supervised release. Additionally, after the entry of judgment in case number 3:18-CR-32, the Government agrees to move to dismiss the single count in case number 3:18-CR-20

and three violation notices (TE136794351, TE136794352, and TE136794353). At the motion hearing later that afternoon, Defendant Ellis entered a plea of guilty before the undersigned.[1]

After entry of the guilty plea, the Court deferred its decision on whether to accept the plea agreement in case number 3:18-CR-32, until after it reviews the presentence report to be prepared by the probation officer. The United States Probation Office advised that it would need ninety days to complete the presentence report. The Court set a sentencing hearing in case number 3:18-CR-32, and a status conference in case number 3:18-CR-20, on **July 23, 2018, at 1:30 p.m.** Because the Court deferred acceptance of the plea agreement and, by necessity, set the sentencing hearing for late July, the parties agreed that the May 1, 2018 trial date in this case must be continued. The parties agreed on a new trial date of July 31, 2018, and also agreed that the time up to the new trial date is fully excludable under the speedy trial act and in the interest of justice.

The Court deems the parties' agreement on the need to reset the trial to be a joint, oral motion to continue the May 1 trial date in this case. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant has entered a guilty plea and seeks to receive an agreed-upon sentence in case number 3:18-CR-32. However, the Court has deferred acceptance of the plea agreement while it awaits a presentence report, which the probation officer cannot complete until after the current trial date. The Court notes that in light of the Defendant's mental health history, a presentence report is particularly important in this case to aid the Court in determining the appropriate conditions for supervised release. Accordingly, the Court finds that the time until the July 23 sentencing hearing is excludable as "delay resulting from consideration

---

[1] Defendant consented [3:18-CR-32, Doc. 6] to the adjudication of his case by a United States Magistrate Judge.

by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government[.]" 18 U.S.C. § 3161(h)(1)(G). Additionally, the Court finds that requiring the parties to proceed to trial on May 1, 2018, would deprive them of the benefits of their plea agreement in case number 3:18-CR-32 and, as such, constitute a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Accordingly, the Court finds that a brief trial continuance furthers the ends of justice in this case.

The parties' joint, oral motion to continue the trial in case number 3:18-CR-20 is **GRANTED**. The trial of this matter is reset to **July 31, 2018**. The Court finds that all the time between the **March 27, 2018** hearing and the new trial date of **July 31, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(G) and -(7)(A)-(B). The parties are to appear before the undersigned for a status conference and bond hearing in case number 3:18-CR-32 on **April 11, 2018, at 9:30 a.m.** The parties are to appear before the undersigned for a status conference in case number 3:18-CR-20 and a sentencing hearing in case number 3:18-CR-32 on **July 23, 2018, at 1:30 p.m.** Any additional deadlines necessary in case number 3:18-CR-20 will be set at that time.

At the March 27 motion hearing, the Court also addressed the pending motions in case number 3:18-CR-20. On February 28, 2018, counsel for Defendant Ellis filed a Motion to Conduct Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 8], asking for an evaluation of the Defendant's competence to stand trial and providing notice that the Defendant intended to rely on an insanity defense at trial. At an arraignment and motion hearing on March 1, 2018, defense counsel noted that the Defendant's mental health had improved, because he had resumed medication, and asked to hold the motion for a competency evaluation in abeyance until a hearing on March 27, 2018. On March 19, 2018, the Government filed a Motion for Psychiatric

or Psychological Examination [Doc. 13], asking that the Defendant's sanity at the time of the offense be evaluated pursuant to 18 U.S.C. § 4242(a). On March 26, 2018, Defendant moved [Doc. 14] to withdraw his motion for a competency evaluation and notice of his intent to rely on an insanity defense. This motion states that the Defendant has been taking his medication consistently following his initial appearance and that his mental condition has significantly improved. At the March 27 hearing, the Defendant confirmed that he wanted to withdraw his motion for a competency evaluation. AUSA McLaurin stated that, if the Court permits the Defendant to withdraw his motion, the Government moves to withdraw its motion for a sanity evaluation, as the Defendant would no longer be pursuing an insanity defense.

The Defendant's Motion to Withdraw Motion for Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 14] is **GRANTED**. Defense counsel represents that the Defendant has been taking his medication consistently and that counsel no longer has concerns about the Defendant's ability to participate in his defense. Accordingly, the Defendant's Motion to Conduct Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [**Doc. 8**] is **WITHDRAWN**. The Government's oral motion to withdraw its motion for a sanity evaluation is also **GRANTED**. The Government's Motion for Psychiatric or Psychological Examination [**Doc. 13**] is **WITHDRAWN**.

Accordingly, it is **ORDERED**:

(1) The parties' joint, oral motion to continue the trial in case number 3:18-CR-20 is **GRANTED**, and the trial of this matter is reset to commence on **July 31, 2018**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(2) All time between the hearing on **March 27, 2018**, at which the Defendant entered a guilty plea in case number 3:18-CR-32, and the new trial date of **July 31, 2018**, in case number 3:18-CR-20, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

4

(3) The Defendant's Motion to Withdraw Motion for Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 14], filed in case number 3:18-CR-20, is **GRANTED**. The Defendant's Motion to Conduct Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [**Doc. 8**], filed in that same case, is **WITHDRAWN**;

(4) The Government's oral motion to withdraw its motion for a sanity evaluation in case number 3:18-CR-20 is **GRANTED**. The Government's Motion for Psychiatric or Psychological Examination [**Doc. 13**] is **WITHDRAWN**;

(5) The parties are to appear before the undersigned for a status conference and bond hearing in case number 3:18-CR-32 on **April 11, 2018, at 9:30 a.m.**; and

(6) The parties are to appear before the undersigned for a status conference in case number 3:18-CR-20 and a sentencing hearing in case number 3:18-CR-32 on **July 23, 2018, at 1:30 p.m.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge